*131 OPINION of the Court, by
Judge Logan,
The appellant exhibited his bill in chancery to recover from the appellees land to which they hold the elder patents. He claims under an entry made the 12th day of Decern-her 1782, as. follows s “ William Helm enters 300 acres, |>art of a treasury warrant withdrawn from Meadow *132 run, on Clear creek, joining'James Duncan and Withers’ 1000 acres on the north side of said p. 9, 5 B.”
The unintel. ligible letters 8e figures at the and, could not fntfiead/"and therefore disregarded-
An entry for 1000 acres in the name of J. Duncan, Withers, and Van-cleave, will bo taken as the one intended, imlefs another is Ihewn in the name of Duncan 2c Withers alone.
The head of a creek which hy nature is clearly marked and diftinguiih-ed, is a gjod locative obje£l; nor will the court prefame an uncertainty, unlel's the plat or other evi. dence makes it uncertain.
How to fur. vey an entry in. eluding a cabin and the head of a creek, diftint the one ffpm the other. Survey of 300 acres, joining one of 1000 a, eres on the north.
It was argued that this entry is void on account of the uncertainty and want of meaning in the letters and figures subjoined to it: but it is conceived that the total want of any probable and intelligible meaning in those letters and figures could not have misled or had any influence in the construction and understanding of the entry ; they seem entirely inexplicable and destitute of meaning to the reader, and should therefore be disregarded. The entry would then stand thus: to join James Duncan and Withers’ KXX) acres on the nortk side.
John Withers, Sarah Vancleave, assignee, See. and James Duncan, entered 1000 acres, on the 30th of May 1780, “ on the head of a small creek, a branch of Clear creek, running in opposite to John Bailey’s cabin, on the other side of the creek, to include a cabin built by Evan Hinton.”
The name of Sarah Vancleave, as assignee, Sec. is interlined in the entry book in different ink from the residue of the entry : from which it was contended in argument that the interlineation was subsequent to the date of Helm’s entry, and ought not to be taken as prejudicial to the description therein.
It seems unnecessary to examine this objection, because it is conceived that in either view the description is sufficient, in as much as it is not shewn or pretended that there was any other entry in the name of Duncan and Withers on the waters of Clear creek of 1000 acres, or which could have created a doubt of this being the one referred to ; and the description given in Helm’s entry would have directed to this entry with certainty,
It becomes necessary, therefore, to ascertain the position of Duncan and Withers’ entry, before that of Helm can be fixed to any precise spot. Their entry calls to lie on the head of a small creek running into Clear creek opposite to John Bailey’s cabin. A creek answering this description is delineated on the connected plat; and both Bailev’a and Hinton’s cabins are sufficiently established.
Whether the call for the head of the creek shall be considered as general description only, or as a precise, and locative call, is the first question which Occurs for *133 determination. If it can be viewed as descriptive only of the neighborhood of the land, and the call lor the cabin is made to regulate the form and precision of the entry, then the entry of Helm, whan placed to adjoin it according to its calls, will not comprehend any of the land lying within the present survey, and the decree of the court below would therefore be correct. But a different result will be produced by treating both as special and locative calls, to lie on the head of the creek and include the cabin.
Hinton’s cabin stood on abranch emptying into Clear creek below Bailey’s cabin. The entry calling to include it, and to lie on the head of a different stream, clearly shews that the calls are locative, and were intended to give position and figure to the land.
It was argued that the call for the head of the creek is a vague and indefinite call, and must therefore be disregarded. The creek is represented to its source in the connected plat, and there is no evidence contradictory to what is thereby shewn ; from which there does not appear any uncertainty with regard to the head of the creek. And the head of a creek, if pertain and special to a given spot, formed and marked out by nature as evidently the source of the stream, is equal to any other certain object of description to sustain an entry. Were this the only call, no doubt could exist as to the sufficiency of the entry. But very serious doubts have arisen from considering the calls together, for the cabin and the head of the creek, owing to a fork of the creek which lies between the main branch and Hinton’s cabin, and which presents á head not less certain than that shewn on the Other fork. The difference in the length of these forks is about 100 poles ; but the smallest approximates much nigher to the cabin built by Hinton, and the distance from where the cabin stood to the head of the mata fork being about two miles, renders it considerably doubtful which of the two was intended. As the entry, however, calls expressly to lie on the head of the creek, and as a doubt cannot exist as to what forms the head, we think the express call should not be disregarded by yielding to the presumption that the head of the other fork was intended.
The next subject for consideration is with respect to fee manner of surveying this entry. In the case of *134 Frye vr. Esry, Hug. Rep. 53, it was decided that aa enttT caNmg to include two objects some distance apart, should be surveyed as much longer than wide as those objects were distant from each other. But it is a general rule, settled in the construction of entries, that they should be surveyed in a square, unless the express calls, or those clearly implied, shall otherwise direct. The objects may be so distant from each other as to render it entirely improbable that the locator intended that his entry should be so extended beyond the inclusion of one of the objects. But an entry to which a base has been given, or that is in part located, and calls to include a distant object, has been ruled just to include the object. In the case under consideration the locator in the first place seems to fix his entry on the head of the creek ; but he then manifests an intention of appropriating the land between that and the cabin, by calling to include the cabin; and from the distance between these objects, having located on the head of the creek and next called to include the cabin, it seems to be the most probable and just inference that he intended to just include the cabin. We are therefore of opinion that the entry should be surveyed on the head of the longest fork laid down in the pi it, and extended in the direction to the cabin built by Hinton, just to include said place within the centre of the southern boundary, and extended equal distances eastwardly and westwardly from the place where the cabin stood and the head of the creek, just including both places, as nearly in a square as their distance will permit.(a)
It remains only to direct the manner of laying down th,e entiT °I the appellant. It calls to adjoin the preceding entry on the north, and should be surveyed in a square from the centre(b) of the northern boundary of he other, running at right angles therefrom. As this mode or surveying the two claims will give to the appellant some land lying within his survey as made, we are of opinion that for so much he holds the superior _ 11 i right, and that the appellees should be compelled to convey the same by deed without warranty, as they rely s°hdv on dieir elder
Wherefore it is decreed and ordered that the decree 0f the circuit court be reversed ; that the cause be remanded to said court, in order that a decree of that *135 court may be entered agreeable to the foregoing opinion, and such other decree and orders made as may be neceásary to carry the same into effect. And it is farther decreed and ordered that the appellees do pay to the appellant his costs expended its the prosecution of this appeal.

 Accord M'Mun vs Stafford vol. 2. p 489-Mercer vs Irwin, 478-Doolin versus Farrow, 464-Speed vs Severe, 133

 Accord. vol 1. M'Gee vs Thampson, p. 134- Smith vs Harrow, 103- Craig vs Machir, 13- Masby vs Craig and Carland, 87.8, &c.