The following petition for a re-hearing was presented:

IT is at all times unpleasant to question the opinion of the court, after the cause has been argued and decided; but, in the multitude of causes which it is the duty of the court to investigate, it is not surprising, that, from inadvertence or a misapprehension of the law or the fact, occasional errors should be committed. The court should suppose it possible, and even probable. The counsel for Redd’s heirs has examined the opinion of the court delivered, with some attention, and feels constrained, by a regard to justice and a sense of duty, to ask a re-hearing of the cause. He cannot feel reconciled to the destruction of his clients’ claim, so deeply interesting to them, by objections, inconsistent, as he conceives, with grammatical propriety and the plain and evident meaning of the locator.
Whether the court is correct in the grammatical construction of Bennett’s entry, seems to the counsel immaterial in this case; for whether, according to strict grammatical propriety, the pronoun, his, relates to Crittenden or Bennett, the entry ought to be supported. Without appealing to Murray or Campbell, for the grammatical construction of this entry, or the solution of the difficulty whether Bennett or Crittenden is the antecedent to which the pronoun his refers, the counsel for Redd’s heirs will content himself with a reference to the opinion delivered by the Chief Justice, in the case of Ellis vs. Horine's devisees, 1 Marsh. 417; in which it is expressly laid down, that when a relative term is used, it relates to the next immediate antecedent. This seems to the counsel for Redd’s heirs, a conclusive authority against the grammatical construction given in the opinion delivered in this case. But it is said in the opinion, that Bennett is the agent to whom the whole entry has respect, and to whom all relative expressions must apply. Neither the meaning. *405 nor correctness of this expression is distinctly perceived by the counsel. Bennett is the agent to whom all expressions relating to the ownership of the land intended to be located, may be applied ; but, so far as expressions relate to objects of description on the land, the counsel cannot understand why they relate to Bennett, more than Crittenden, or any other person, whose name might have been used in the entry. Bennett’s is a village right, depending for its validity on the specialty of its location, and not on account of an actual settlement, or marking and improving or of any act performed on the land ; and indeed the location in the certificate repels the idea of Bennett’s having an improvement there; for it is fairly to be presumed, that if he had had an improvement on the land, it would have been called for in the certificate. The court will remark, that Crittenden is the agent who made the location with the commissioners, and the agent who performed acts on the ground; for although the camp is called for by the name of Crittenden’s camp, yet the terms strongly imply that it was a camp made by Crittenden, or that he had a leading agency in making it. The fact of Bennett’s having an improvement, being repelled by the location in the certificate, and Crittenden appearing to have been the agent in performing acts on the ground, it would seem more proper to apply expressions relating to artificial objects, to Crittenden, the actor on the land, than to Bennett, who is attempting to appropriate land by description. What seems to support this construction, and indeed to leave no doubt, is the fact, that the only improvement shown is at or near the camp. Crittenden, in making the location with the commissioners, calls for an improvement; and as he locates the land at his camp, and to include an improvement, he must mean an improvement at, or in the neighborhood of his camp ; and as no other improvement is shown, that near the camp must be taken to be the improvement called for in the location. As the improvement was near, or adjoining the camp, it was natural for Bennett, in calling the camp Crittenden’s, to call the improvement connected with the camp, also Crittenden’s, without noticing that in his certificate Crittenden had called it an improvement. If the certificate or entry had previously stated that Bennett had a settlement or *406 improvement on the land, there would be some propriety in referring the pronoun, his, to Bennett. The sense would then have controlled the strict grammatical construction; but here the sense and grammatical construction unite in making the pronoun, his, refer to Crittenden.
In the case of Consilla and Briscoe, Hughes 45, and in subsequent cases, it is decided, that in construing the entry of a settlement, the certificate and entry are to be taken together; the owner of the claim could not, in his entry, depart from the ground located in his certificate; they were both to be of record in the office. Nor is a case recollected, where a slight variance between the entry and certificate has been held fatal to the claim. If the certificate contains a good location ; if, by the certificate, he has a good claim, can a slight variance or inaccuracy in the entry destroy it ? Certainly not. The court will not, ought not, to lay hold of nice objections against the plain and substantial meaning of the locator. All the objects called for are proved, and an improvement shown near the camp; is not the location in the certificate supported, and will the court, on account of the word, his, in the entry, destroy it ?
I will here refer the court to several cases, to prove the following positions applicable to this case : The aptitude of objects on the ground, with those called for, is a very persuasive argument in favor of an entry— Spurr vs. Trimble, 1 Marsh. 279-80. When an object that fits an entry is shown, the entry should be sustained, unless the opposite party can show another object, which does as well or better fit the call—See Hardin 74, 98, 374, and Marshall vs. Dupuy, 3 Bibb 131-2. Where calls, of themselves, in an entry, are sufficient for the purpose intended, an additional call, not repugnant, and not calculated to mislead, will not be fatal—“ utile per inutile non vitiatur”—4 Bibb 141, and 1 Marsh. 615-16.
Could a man, conversant with Crittenden’s camp and the neighborhood, seeing the camp and an improvement near it, and no other in the neighborhood, doubt as to the intention of the locator. In some of the cases referred to, the court will observe some variations between the names of surveys and other objects, as called for, and those shown; but deemed immaterial *407 because not misleading. The idea that the locator might have explained himself better, has been, I had supposed, long since overruled by this court. The best possible description has never been required.
The interpretation of the call for Crittenden’s camp, is one which had never occurred to the counsel for Redd’s heirs, and seems to be opposed to the evident meaning of the locator. The call of general description, is, “ on a small branch of the south fork of Elkhorn ;” but when he undertakes to fix the precise spot intended to be appropriated, he says, “ at the place called Crittenden’s Camp.” I had supposed, that place, when applied to real or permanent objects, was local, or locative. Now, the camp was notorious by name, and designated by visible marks. He locates his land at that place. If this call is not special, but general, I am incapable of understanding the distinction between general and special calls. Suppose the entry had called to lie at the camp, without calling for the improvement; would the call have been locative or not ? Or would the entry have been void ? If the call for the camp would have been good, without the call for an improvement, can the call for an improvement destroy the locative and special character of the call for the camp ? Clearly not. The call for the camp is the cardinal locative call in this location. In both certificate and entry, he states that his land is to lie at that place. The call for an improvement, is subordinate and auxiliary.
I had thought that a call for 1100 or 1000 acres, to lie at a particular spot, was synonymous with a call to include it; because it would be difficult to fix the survey at the place, without including the place. A call to lie at a notorious ford of a creek, a notorious lick, a notorious spring or improvement, would bear the same construction as the call to include. The meaning is the same; the specialty is the same; the same construction would be given by every person; and the court ought to give effect to every call in a location, according to the intent of the locator. The court, in the case of Smith vs. Morrow and Trimble, has centred the place of beginning called for in an entry, to the centre of the survey—See Hardin 58.
In every call where a locator has attached his claim, by any particualr mode of expression, to a particular *408 spot, without directing the manner of survey, the court has made it the centre; and if two objects have been called for, both have been regarded, in fixing the centre, A call to lie at a place, seems more emphatic, than to include it; implies that it is an object on which the locator has fixed his attention and affection, and which he intends to embrace by his claim. Suppose, in this case, the entry had called to lie at a camp called after or made by John Crittenden, to include his improvement—to include his grave—to include the place where he killed a wolf, a bear, a buffalo; or had said, to lie at his camp, to include the place where he was killed; would not the pronouns, his and he, in the several places where they occur, have been construed to relate to Crittenden ?
The court, in referring his to Bennett, have predicated their construction upon the idea, that the claim was granted to Bennett for improving and marking that land, or to include some improvement made by him ; whereas the contrary is apparent from the face of the certificate. The counsel regrets that the claim of his client should fall a victim to the variance between the article, an, in the certificate, and the pronoun, his, in the entry, or the difficulty of ascertaining whether the pronoun, his, refers to Bennett or Crittenden, when it is evident, from the calls taken in connexion with the facts proved, that the improvement near the camp was intended by the locator, there being no other improvement shown or proved in the neighborhood of the camp, and this being the improvement and camp shown by Crittenden to Steele, in the year—.
Without adding more, the counsel for Redd’s heirs earnestly solicits the court to review their opinion pronounced in this case; and he makes the request with a confidence, that, upon a re-consideration, the premises assumed in the decree will induce a different result.
All which is respectfully submitted.
JOHN POPE.
And now, at the spring term 1822, the petition was overruled.